UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TRAYMONTE BIRTANNE SNIPES,

    Petitioner,

v.                                                     Case No. 2:20-cv-1007-JLB-NPM

RON DESANTIS, ASHLEY MOODY,
ROLAND PELTIER, LINDSAY GAREA,
CARMINE MARCENO, and STATE OF
FLORIDA,

    Respondents.

## ORDER OF DISMISSAL

On March 15, 2021, Petitioner Traymonte Birtanne Snipes filed a pro se second amended petition for writ of habeas corpus on the Court's 28 U.S.C. § 2241 form. (Doc. 14.) As explained below, this action was filed prematurely and is therefore dismissed without prejudice.

### I.    Background

Petitioner, a pre-trial detainee at the Lee County Jail, contends that, on December 16, 2019, he was unlawfully arrested and imprisoned for burglary, battery, and sexual battery. (Doc. 14 at 2.) He also challenges the legality of his mental health treatment. (Id.) Petitioner asserts that the police relied upon false evidence to arrest him. (Id. at 6.) He asserts that his "blood, urine, and fingerprints" were unlawfully obtained without his consent. (Id.) He also alleges that his mental health treatment has been "predicated on fraudulent information,"

and that the mental health testimony used to find him incompetent to stand trial was incorrect. (Id.) Although he is no longer being treated at the mental health hospital, he fears that Lee County plans to return him for treatment without due process. (Id. at 7.) He asks for immediate release and seeks to have all charges against him dropped. (Id.)

## II. Analysis

A state pretrial detainee may challenge his confinement as unconstitutional by petitioning for habeas corpus relief under 28 U.S.C. § 2241. Hughes v. Att'y Gen. of Fla., 377 F.3d 1258, 1261–62 (11th Cir. 2004) (holding that a pretrial petition for habeas corpus relief is properly brought under 28 U.S.C. § 2241, regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him).

Petitioner challenges the validity of his arrest and asks the Court to interfere in his ongoing criminal prosecution. (Doc. 1 at 6–7.) Before seeking redress in this Court, however, Petitioner must first exhaust his state court remedies "by petitioning the highest court in the state in which he is being held 'when such review is part of the ordinary appellate review procedure' in that jurisdiction." Jackson v. Walker, 206 F. App'x 967, 968 (11th Cir. 2006) (quoting Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004)); Wilkinson v. Dotson, 544 U.S. 74, 79 (2005) (holding that all habeas corpus actions "require a petitioner to fully exhaust state remedies"); see also Braden v. 30th Judicial Cir. Ct. of Ky., 410 U.S. 484, 489–92 (1973) (addressing an issue raised in a section 2241 petition only after

2

concluding that the petitioner, a pretrial detainee, exhausted all available state court remedies for consideration of his constitutional claim).

Petitioner admits that he has not yet presented <u>any</u> of his habeas arguments in state court. (Doc. 1 at 2, 7.) He has not done so because of the "Lee County Court system censoring [his] freedom of speech and falsely accusing him of being mentally incompetent." (<u>Id.</u> at 7.) However, the claims he now seeks to raise—challenge to the sufficiency of the evidence against him and the validity of his arrest—are properly brought during his criminal case and subsequent direct appeal, not on federal habeas review. Therefore, his petition is premature and must be dismissed. See <u>Braden</u>, 410 U.S. at 493 (recognizing that "derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" is not allowed); <u>Garcon v. Palm Beach Cnty. Sheriff's Off.</u>, 291 F. App'x 225, 226 (11th Cir. 2008) (affirming district court's dismissal of section 2241 petition filed when petitioner was pretrial detainee and raising issues that should be raised as part of the criminal case); <u>Garey v. Fed. Det. Ctr.</u>, 180 F. App'x 118, 120, 121 (11th Cir. 2006) (affirming district court's conclusion that "where a defendant is awaiting trial, the appropriate vehicle for violations of the defendant's constitutional rights are pre-trial evidentiary motions, not habeas petitions").

### III.     Conclusion

Summary dismissal without prejudice is appropriate where, as here, it plainly appears from the face of the section 2241 petition that the petitioner has not exhausted his available state court remedies. See 28 U.S.C. § 2243 (a court

3

entertaining an application for writ of habeas corpus shall award the writ or issue an order directing respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant is not entitled to relief).

Accordingly, it is now **ORDERED**:

1. Traymonte Birtonne Snipes's 28 U.S.C. § 2241 petition is **DISMISSED without prejudice**.

2. The Clerk of Court is directed to terminate any pending motions, enter judgment accordingly, and close this file.

**ORDERED** in Fort Myers, Florida on April 30, 2021.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

SA: FTMP-2

Copies furnished to:
Counsel of Record
Unrepresented Parties